## ARMSTRONG v. HICKS. (No. 2763.)

(Court of Civil Appeals of Texas. Texarkana. May 17, 1923.)

Costs ⊕⟹260(4)—Ten per cent. added to judgment, writ of error having been sued out for delay.

Where an examination of the record showed that a default judgment was not erroneous, defendant had no reason to believe that it was and did not file a brief, and under Vernon's Sayles' Ann. Civ. St. 1914, art. 1627, plaintiff will be allowed an additional 10 per cent. as damages for delay in enforcing the judgment, resulting from the suing out of the writ of error.

Error from Tarrant County Court; W. P. Walker, Judge.

Action by Mary W. Hicks against George W. Armstrong. Judgment for plaintiff, and defendant brings error. Affirmed, and judgment rendered for an additional amount.

Armstrong & Powell, of Fort Worth, for plaintiff in error.

Estes, Payne, Morris & Pressly, of Fort Worth, for defendant in error.

WILLSON, C. J. The writ is from a judgment by default in favor of the defendant in error against the plaintiff in error for $568.25, the amount, principal, interest, and attorney's fees, of a promissory note made by the latter to the former. The plaintiff in error did not file a brief in this court, and the cause was submitted on a brief filed by the defendant in error, in which she asked that the judgment be affirmed and that she be allowed 10 per cent. on the amount thereof as damages for the delay in the enforcement of the judgment resulting from the suing out of the writ of error and filing of the supersedeas bond. An examination of the record sent to this court has satisfied us that the judgment was not erroneous and that the plaintiff in error had no reason to believe it was, and hence that the writ must have

been sued out for the purpose of delaying the execution thereof.

Therefore the judgment will be affirmed, and judgment will be rendered here in favor of defendant in error against plaintiff in error for $56.82; that being 10 per cent. of the amount adjudged to defendant in error by the court below. Article 1627, Vernon's Statute.